UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TERRY LYNN WYNNE, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | No.: 3:11-CV-224 |
| ) | (VARLAN/GUYTON) |
| ROCKY LAUGHTER, ) | |
| BRET COBBLE, and ) | |
| DONNA WHITE, ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the Court on the motion to dismiss filed by defendants Laughter and Ray, and plaintiff's motion to amend the complaint to add additional defendants. Plaintiff has not filed a response to the motion to dismiss, despite thrice being given an extension of time to do so, and the Court deems plaintiff to have waived his opposition to the dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.*, 577 F.2d 740 (6th Cir. 1978); E.D.TN. LR7.2. For the following reasons, the motion to dismiss [Doc. 13] will be **GRANTED**. Plaintiff's motion to amend [Doc. 11] will be **DENIED**. In addition, defendant Bret Cobble will be **DISMISSED WITHOUT PREJUDICE**. There being no further proceedings necessary in this matter, this action will be **DISMISSED IN ITS ENTIRETY**.

**I.     Standard of Review**

A motion to dismiss tests whether a claim has been adequately stated in the complaint. In considering a motion to dismiss, all well-pleaded allegations in the complaint must be regarded as true and all factual allegations must be construed in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989).  Nevertheless, "though a complaint must be construed in the light most favorable to the plaintiff when the defendant files a motion to dismiss, the complaint must still contain 'enough facts to state a claim to relief that is plausible on its face.'" *Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

> To survive a motion to dismiss, the complaint must allege grounds entitling plaintiff to relief, which requires "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." The "[f]actual allegations must be enough to raise a right to relief above the speculative level."

*Casden v. Burns*, 306 F. App'x 966, 973 (6th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555) (footnote omitted).  The *Twombly* standard applies to all civil actions filed in the U.S. district courts.  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1953 (2009).

**II.    Factual Background**

Plaintiff is in the custody of the Tennessee Department of Correction (TDOC) and currently incarcerated at the Deberry Special Needs Facility in Nashville, Tennessee.  He brought this action during his confinement in the Morgan County Correctional Complex

2

Case 3:11-cv-00224-TAV-HBG   Document 22   Filed 06/19/12   Page 2 of 8   PageID #: 116

(MCCX). The defendants are MCCX Classification Officer Bret Cobble, MCCX Correctional Officer Rocky Laughter, and Donna White, who is the TDOC Director of Clinical Services in Nashville, Tennessee.

Plaintiff alleges that defendant Cobble placed him in a dangerous position by failing to properly screen individual inmates before placing them together in the same housing unit, pod, and cell. Plaintiff further alleges that defendant Cobble placed fellow inmate William Minton, a man with a violent history, in the same cell and living area with plaintiff. According to plaintiff, he was assaulted by William Minton on May 3, 2010, while awaiting the evening meal when Minton struck plaintiff on the side of the head, causing him to fall.

Plaintiff alleges that he suffered a broken left arm. He was taken to the hospital where he was treated and surgery was recommended, but the State would not authorize the surgery. Plaintiff further alleges that at the time of the assault he need surgery to fuse three herniated disks in his neck and now has four herniated discs which require fusing.

With respect to defendant Laughter, plaintiff alleges that the defendant failed to file an incident report concerning Minton's assault upon plaintiff or otherwise document the assault in plaintiff's contact list in order to prevent future assaults. As to defendant White, plaintiff alleges that she took no positive steps to ensure plaintiff received medical attention, despite being contacted by plaintiff's wife concerning his lack of medical care.

The Court allowed service of process to issue as to defendants Cobble, Laughter, and White. Process was returned executed as to defendants Laughter and White, and unexecuted

3

Case 3:11-cv-00224-TAV-HBG   Document 22   Filed 06/19/12   Page 3 of 8   PageID #: 117

as to defendant Cobble. Plaintiff subsequently moved to amend his complaint to add as defendants Dr. Ronald Higgs and Sgt. Danny Lane. Plaintiff alleges that Sgt. Lane was indifferent to plaintiff's pleas for assistance prior to the assault and indifferent to plaintiff's medical needs after the assault. Plaintiff further alleges that Dr. Higgs is the health care provider for inmates at MCCX and was indifferent to plaintiff's medical needs after the assault. Defendants Laughter and White move to dismiss the complaint against them for failure to state a claim upon which relief can be granted.

## III. Discussion

### A. The Motion to Dismiss

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

As noted, plaintiff alleges that he was assaulted by another inmate and that defendant Laughter failed to file an incident report or otherwise document the assault in plaintiff's contact list in order to prevent future assaults. Plaintiff does not allege that he was subjected to a future assault, nor does he allege that the assault resulted from any failing on the part

4

defendant Laughter. Defendant Laughter's failure to file an incident report, without more, fails to state a claim for relief under § 1983.

With respect to defendant White, plaintiff alleges that, as the TDOC's medical director, she took no positive steps to ensure plaintiff received medical attention, despite being contacted by plaintiff's wife concerning a lack of medical care. In a suit brought under § 1983, however, liability cannot be imposed solely on the basis of respondeat superior. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). The law is well-settled that a plaintiff must allege that a defendant official was personally involved in the unconstitutional activity of a subordinate in order to state a claim against such a defendant. *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982).

> There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

*Bellamy v. Bradley*, 729 F.2d at 421. "[L]iability cannot be based solely on the right to control employees." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Moreover, simply failing to act after learning of a subordinate's unconstitutional conduct will not impose liability upon a supervisory official. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). *See also Henry v. Pogats*, No. 93-2462, 1994 WL 462129 at *2 (6th Cir. August 25, 1994) (unpublished decision) (citing *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir.1988)) ("A combination of knowledge of a prisoner's grievance and failure to

5

respond or remedy the complaint is insufficient to impose liability upon supervisory personnel under § 1983."). Plaintiff does not claim that defendant White was personally involved in the alleged denial of medical care and thus has failed to state a claim under § 1983 against her.

Plaintiff's complaint fails to state a claim against defendants Laughter and White. For that reason, their motion to dismiss is well-taken and will be granted.

**B.     The Motion to Amend**

Plaintiff seeks to amend his complaint to add as defendants Dr. Ronald Higgs and Sgt. Danny Lane for their alleged failure to provide medical care to plaintiff after the assault, and for defendant Lane's alleged indifference to plaintiff prior to the assault. As noted, the assault occurred May 3, 2010. Plaintiff did not move to amend his complaint under October 13, 2011.

Federal courts must refer to state statutes and state law to determine the statute of limitation and tolling rules with respect to an action brought pursuant to 42 U.S.C. § 1983. *Board of Regents v. Tomanio*, 446 U.S. 478 (1980). The applicable statute of limitation controlling a civil rights action for damages in the State of Tennessee is Tenn. Code Ann. § 28-3-104, which provides a one (1) year period in which a civil rights lawsuit may be commenced after the cause of action accrued; the statute begins to run when the plaintiff knows or has reason to know of the injury upon which his action is based. *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984).

An amendment changing a party in a civil action relates back to the date of the original pleading, and thus tolls the statute of limitations, if the claim asserted in the amendment arose out of the conduct set forth in the original pleading and if, within the period of time for filing suit, the party to be added (1) received notice of the action so that the party is not prejudiced in his defense, and (2) knew or should have known that he would have originally been named as a party except for a mistake concerning his identity. Fed. R. Civ. P. 15(c).

There is nothing in the record to suggest that Dr. Higgs or Sgt. Lane were aware of this action or that they knew or should have known they should have been named as defendants in the original complaint. Accordingly, the claims against Dr. Higgs and Sgt. Lane are untimely and plaintiff's motion to amend the complaint to add them as defendants will be denied.

### C. Defendant Bret Cobble

The complaint was filed on May 16, 2011. Defendant Cobble has not been served with a copy of the complaint within 120 days of the filing date. Accordingly, this action should be dismissed without prejudice as to defendant Cobble pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

### IV. Conclusion

The motion to dismiss by defendants Laughter and White will be **GRANTED**. Plaintiff's motion to amend the complaint will be **DENIED**. Defendant Cobble will be **DISMISSED WITHOUT PREJUDICE**. There being no further proceedings necessary in

this matter, this action will be **DISMISSED IN ITS ENTIRETY**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

8

Case 3:11-cv-00224-TAV-HBG   Document 22   Filed 06/19/12   Page 8 of 8   PageID #: 122